Ron Kerl, Esq. – ISB #1768
**COOPER & LARSEN, CHARTERED**
151 North Third Avenue, Second Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone:     (208) 235-1145
Facsimile:     (208) 235-1182
Email: ron@cooper-larsen.com

*Attorney for Deere & Co.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | |
| | CASE NO. 18-40412 -JMM |
| PARKINSON SEED FARM, INC., | |
| | **CHAPTER 11** |
| Debtor. | |

## STIPULATION FOR THE TREATMENT OF CLAIMS

COMES NOW Deere & Co. ("Deere") by and through its attorney Ron Kerl, and the Debtor Parkinson Seed Farm, Inc., ("Debtor"), by and through its attorney W. Reed Cotten, and stipulate and agree as follows:

### RECITALS

1.     Debtor filed its petition under Chapter 11 of the Bankruptcy Code on May 15, 2018 (the "Petition Date"). The Debtor has continued its farming operations as Chapter 11 Debtor-In-Possession since that time.

2.     On the Petition Date the Debtor was a party to four (4) Separate Loan Contract - Security Agreements with Deere, which Contracts are more particularly described as follows:

a.     <u>Deere Proof of Claim No. 11:</u> On January 7, 2013, Debtor entered into and executed a Loan Contract - Security Agreements (hereinafter "Contract 4424") with Deere for the purposes of acquiring a 2012 John Deere 9560 Crawler Track Tractor

(Serial No. 1RW9560RCCP901089) (the "4424 Collateral"). To secure the repayment of Contract 4424, the Debtor granted Deere a security interest in the 4424 Collateral.

Debtor is delinquent in its obligations under Contract 4424 having failed to make a pre-petition payment to Deere in the amount of $46,560.09, which installment payment remains unpaid. The total unpaid balance of Contract 4424 as of the Petition Date was $46,736.30.

The value of the 4424 Collateral on the Petition Date is estimated to be $164,637.00.

b.      Deere Proof of Claim No. 10:  On August 14, 2015, Debtor entered into and executed a Loan Contract - Security Agreements (hereinafter "Contract 8363") with Deere for the purposes of acquiring a 2015 Degelman 40 Disk (Serial No. PTL1285) (the "8363 Collateral"). To secure the repayment of Contract 8363, the Debtor granted Deere a security interest in the 8363 Collateral.

Debtor is delinquent in its obligations under Contract 8363 having failed to make a post-petition payment due on August 17, 2018 in the amount of $22,150.41, which installment payment remains unpaid. The total unpaid balance of Contract 8363 as of the Petition Date was $64,137.13.

The value of the 8363 Collateral on the Petition Date is estimated to be $54,300.00.

c.      Deere Proof of Claim No. 9:  On February 11, 2016, Debtor entered into and executed a Loan Contract - Security Agreements (hereinafter "Contract 6624") with Deere for the purposes of acquiring a 2015 John Deere 2410 Plow (Serial No. 1N02410XF0765001) (the "6624 Collateral"). To secure the repayment of Contract 6624, the Debtor granted Deere a security interest in the 6624 Collateral.

Debtor is delinquent in its obligations under Contract 6624 having failed to make a pre-petition payment in the amount of $9,447.95, which installment payment remains unpaid. The total unpaid balance of Contract 6624 as of the Petition Date was $34,793.37.

The value of the 6624 Collateral on the Petition Date is estimated to be $25,000.00.

d.      Deere Proof of Claim No. 8:  On March 22, 2016, Debtor entered into and executed a Loan Contract - Security Agreements (hereinafter "Contract 0735") with Deere for the purposes of acquiring two (2) 2015 John Deere 455 Drills (Serial Nos. 1N00455XHE07550208 and 1N00455XCG0765055) (the "0735 Collateral"). To secure the repayment of Contract 0735, the Debtor granted Deere a security interest in the 0735 Collateral.

Debtor is delinquent in its obligations under Contract 0735 having failed to make a pre-petition payment in the amount of $18,448.71, which installment payment remains unpaid. The total unpaid balance of Contract 0735 as of the Petition Date was $68,371.81.

The value of the 0735 Collateral on the Petition Date is estimated to be $54,304.02.

3.      On September 17, 2018, Deere filed its motion to terminate the automatic stay under 11 U.S.C. Sec. 362 (Docket No. 123) so that it may proceed to recover possession of, and dispose of, the collateral securing these four (4) Contracts. On November 6, 2018, this Court granted Deere's Motion (Docket No. 162).

### STIPULATION CONSENTING TO TERMS OF REORGANIZATION

The Debtor desires to confirm a Plan of Reorganization under Chapter 11 of the Bankruptcy Code which provides for the Debtor to retain possession of the above described Collateral, and which also provides for payment in full of all of the indebtedness Debtor owes to Deere under the above described Contracts. Deere is willing to consent to such bankruptcy reorganization under the terms and conditions hereinafter set forth. The Debtor agrees to timely perform its promises and covenants hereinafter set forth:

A.      Loan Contracts.

a.      Deere Proof of Claim No. 11, Contract 4424, shall be repaid in full, including interest at the rate of 5.5% per annum commencing on the Petition Date, amortized over a term of five (5) years in semi-annual installments. The first semi-annual installment will be due on March 1, 2019 with a second semi-annual payment due on September 1, 2019. The payment amount is estimated to be $5,495.74. Payments will continue on the 1st days of March and September each and every year thereafter for the balance of the five year period until the entire sum of $46,736.30, together with interest thereon. are paid in full. The amortization schedule applicable to this Contract is attached hereto this Stipulation as Exhibit "A" and by this reference is made a part hereof.

b.      Deere Proof of Claim No. 10, Contract 8363, shall be repaid in full, including interest at the rate of 5.5% per annum commencing on the Petition Date, amortized over a term of five (5) years in semi-annual installments. The first semi-annual installment will be due on March 1, 2019 with a second semi-annual payment due on September 1, 2019. The payment amount is estimated to be $7,541.91. Payments will continue on the 1st days of March and September each and every year thereafter for the balance of the five year period until the entire sum of $64,137.13, together with interest thereon, are paid in full. The amortization schedule

**Stipulation For The Treatment Of Claims – pg. 3**

applicable to this Contract is attached hereto this Stipulation as Exhibit "B" and by this reference is made a part hereof.

        c.     Deere Proof of Claim No. 9, Contract 6624, shall be repaid in full, including interest at the rate of 5.5% per annum commencing on the Petition Date, amortized over a term of five (5) years in semi-annual installments. The first semi-annual installment will be due on March 1, 2019 with a second semi-annual payment due on September 1, 2019. The payment amount is estimated to be $4,091.37. Payments will continue on the 1st days of March and September each and every year thereafter for the balance of the five year period until the entire sum of $34,793.37, together with interest thereon, are paid in full. The amortization schedule applicable to this Contract is attached hereto this Stipulation as Exhibit "C" and by this reference is made a part hereof.

        d.     Deere Proof of Claim No. 8, Contract 0735, shall be repaid in full, including interest at the rate of 5.5% per annum commencing on the Petition Date, amortized over a term of five (5) years in semi-annual installments. The first semi-annual installment will be due on March 1, 2019 with a second semi-annual payment due on September 1, 2019. The payment amount is estimated to be $8,039.87. Payments will continue on the 1st days of March and September each and every year thereafter for the balance of the five year period until the entire sum of $68,371.81, together with interest thereon, are paid in full. The amortization schedule applicable to this Contract is attached hereto this Stipulation as Exhibit "D" and by this reference is made a part hereof.

        C.     <u>Lien Retention</u>. Deere shall, until all of the Contracts are paid in full, retain its security interests in all of the collateral pledged to it as presently held by Deere pursuant to the terms of its Contracts. The liens and security interests granted Deere are, and for all purposes shall be deemed to be valid, enforceable, duly perfected, and cross-collateralized, and no filing or other act in accordance with applicable state law shall be necessary to create or perfect such liens and security interests.

        D.     <u>Post-Petition Attorney Fees and Costs.</u> Debtor agrees that the claims of Deere are fully secured and the Debtor agrees that Deere is entitled to recover all of its post-petition attorney fees and expenses of collection. The total of such post-petition attorney fees and expenses of collection at the present time are estimated to be $7,000.00. The actual total of

**Stipulation For The Treatment Of Claims – pg. 4**

Deere's post-petition attorney fees and costs will be determined as of the date this Chapter 11 case is closed. Those fees and costs shall be paid in full by the Debtor on or before March 1, 2019.

  E. Additional Provisions.

  1. Default, Notice, Stay Relief. Should Debtor default in complying with any of the terms and conditions of this Stipulation and/or the Order approving this Stipulation, or the confirmed plan incorporating the terms of this Stipulation, and said default shall remain uncured for a period of 10 days after receipt by Debtor of a written notice and demand to cure from Deere, or should any other secured creditor of the Debtor obtain relief from the automatic stay existing by virtue of 11 U.S.C. §362, Deere shall be entitled to immediate entry of an order annulling, terminating, modifying and removing the automatic stay, as it relates to the Contracts, without further notice to the Debtor and without further judicial proceedings. In the event the stay is no longer in effect at the time of default, pursuant to 11 U.S. §§362(d) and 1141(d), or otherwise, Deere may thereupon proceed to enforce the Contracts and enforce and foreclose its security interests or liens in any collateral held by it to secure repayment of the total amount of Debtor's obligations owed to Deere. Deere may pursue any and all of its contractual rights and remedies available as a lessor, creditor and/or secured party under the Contracts or as otherwise provided by law, in any court of competent jurisdiction, including but not limited to the state courts sitting within the state of Idaho. In the event of an uncured default, the full amount owed to Deere will be come immediately accelerated and become due, owing and payable in full regardless of any Plan provision, the terms of this Stipulation or otherwise, and Deere will be entitled to collect the full amounts then due and together with attorney fees and costs and shall be entitled to pursue Debtor for any deficiency.

**Stipulation For The Treatment Of Claims – pg. 5**

2.    <u>Stipulation Shall Become Integral Part of Reorganization</u>. It is expressly agreed that all of the terms and provisions of this Stipulation shall become an integral part of and shall be incorporated into any plan of reorganization proposed by the Debtor. It is further agreed that nothing in Debtor's plan of reorganization will alter, amend or modify the terms of this Stipulation. To the extent the terms of any plan of reorganization proposed by the Debtor are inconsistent with the terms of this Stipulation, the terms of this Stipulation shall control the rights and responsibilities of the parties hereto. It is further agreed that the terms and conditions of this Stipulation, and any Order approving the same, shall be binding upon all parties herein, including any trustee, receiver or other representative who qualifies under the Bankruptcy Code, and/or any trustee which may subsequently be appointed in this case or in any other state or federal proceedings (including a Chapter 7 liquidation), and will remain in full force and effect should these Chapter 11 proceedings be dismissed, converted to a proceeding under any other chapter of the Bankruptcy Code, or in any subsequent modification of Debtor's Chapter 11 Plan.

3.    <u>Original Loan Contracts Remain in Effect</u>. Except as expressly modified by this Stipulation, Debtor agrees that the terms of the original Contracts ("Contract Documents") shall remain in effect, and further agrees to comply with all of the terms and conditions contained in the same, including the Debtor's obligation to keep the Collateral securing Deere's claims insured against casualty loss up to the amount of its full insurable value.

4.    <u>Written Notice</u>. Any written notice required by this Stipulation shall be complete if mailed by first class mail, postage prepaid, to the Debtor's bankruptcy attorney, W. Reed Cotten, and to the Debtor at its last known address. The Debtor is required to notify Deere, in writing, of any change in its mailing address.

**Stipulation For The Treatment Of Claims – pg. 6**

5.    Deere 's Remedies Upon a Default.  In the event of any default under the terms of this Stipulation, any Confirmed Chapter 11 Plan consistent herewith, and any default under the Contract Documents, in addition to those remedies otherwise set out in this Stipulation, Deere shall have all of the following remedies, which are not exclusive and are cumulative:

a.    The right to exercise its rights under Idaho's Uniform Commercial Code with respect to any personal property securing its claims and obtain possession of such leased property and collateral without the posting of a bond, any law to the contrary notwithstanding; or otherwise enforce its contractual rights against the Debtor, with or without suit.

b.    Exercise any and all rights which Deere may have as a matter of law or equity and as specified in the Contracts.  Any delay or omission on the part of Deere in exercising any right or remedy shall not operate as a waiver of such right or remedy, or any other rights or remedies; and

c.    Exercise any and all rights provided by bankruptcy law.

6.    Additional Documents.   Debtor agrees to execute any and all documents necessary to affect the terms and conditions of this Stipulation, and, further, agrees to take such action as may be reasonably required to seek timely approval of this Stipulation, after appropriate notice and hearing, by the Bankruptcy Court.

7.    Mutual Release of Claims. Deere forever release Debtor, and Debtor forever releases Deere from any and all claims or causes of action, contractual, tortious, or otherwise, known or unknown, arising from any act or omission prior to the date of this Agreement.  This mutual release extends to the parties mentioned and all of their predecessors, successors, and assigns; parent, subsidiary, and related corporations or businesses; and all of their past and present officers, directors, employees, agents, attorneys, and representatives. This mutual release does not release the parties from their obligations as set forth in this Stipulation.

//end of text//

**Stipulation For The Treatment Of Claims – pg. 7**

**PARKINSON SEED FARM, INC.**
Debtor

Dated: _1- 7 - 2019_

Dirk Parkinson, President and Authorized Agent

**APPROVED:**

Dated: _**1-7-2018**_

W. Reed Cotten, Attorney for Debtor

**DEERE & COMPANY**
Creditor

Dated: _1/10/2019_

Ron Kerl
Attorney for Deere & Company

**Stipulation For The Treatment Of Claims – pg. 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 10th day of January, 2019January, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Randal A Peterman
rap@givenspursley.com

Shelia Rae Schwager
sschwager@hawleytroxell.com

Brent T Robinson
btr@idalawfirm.com

Jeffrey D. Brunson
jeff@beardstclair.com

Hyrum Dean Erickson
herickson@rex-law.com

Jeremy Vaughn
sks&t@idaho-law.com

Michael Danielson
danielson@benoitlaw.com

Karl R Decker
kdecker@holdenlegal.com

David Wayne Newman
ustp.region18bs.ecf@usdoj.gov

US Trustee
ustp.region18.bs.ecf@usdoj.gov

William Reed Cotten
wrc@idlawfirm.com

Robert J. Maynes
mayneslaw@hotmail.com

Stephen Kent Madsen
smadsen@maynestaggart.com

AND, I HEREBY CERTIFY that I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s).   (List names and mailing addresses):

Parkinson Seed Farm, Inc.
PO Box 326
St. Anthony, ID 83445

David B. Lewis
Huber, Erickson & Bowman LLC
375 S 300th W
Salt Lake City, UT 84101

Richard Brown
Silvercreek Realty Group
2002 Jennie Lee Drive
Idaho Falls, ID 83404

Dirk W. Parkinson
3419 E. Hog Hollow Ln.
St. Anthony, ID 83445

By: /s/ Ron Kerl
Ron Kerl

**Stipulation For The Treatment Of Claims – pg. 9**

## Exhibit "A"
## Amortization Schedule Acct. 4424

**Installment Quote Amortization Schedule: Acct 4424 Claim #11**

| Interest Rate: | 5.50% | | Term (months): | 64 |
|---|---|---|---|---|
| **Payment Date** | **Payment Amount** | **Principal** | **Interest** | **Balance** |
| 5/15/2018 | $0.00 | $0.00 | $0.00 | $46,736.30 |
| 3/1/2019 | $5,495.74 | $3,453.43 | $2,042.31 | $43,282.87 |
| 9/1/2019 | $5,495.74 | $4,295.68 | $1,200.06 | $38,987.19 |
| 3/1/2020 | $5,495.74 | $4,426.53 | $1,069.21 | $34,560.66 |
| 9/1/2020 | $5,495.74 | $4,537.51 | $958.23 | $30,023.15 |
| 3/1/2021 | $5,495.74 | $4,676.89 | $818.85 | $25,346.26 |
| 9/1/2021 | $5,495.74 | $4,792.99 | $702.75 | $20,553.27 |
| 3/1/2022 | $5,495.74 | $4,935.17 | $560.57 | $15,618.10 |
| 9/1/2022 | $5,495.74 | $5,062.71 | $433.03 | $10,555.39 |
| 3/1/2023 | $5,495.74 | $5,207.85 | $287.89 | $5,347.54 |
| 9/1/2023 | $5,495.74 | $5,347.54 | $148.20 | $0.00 |
| Total | $54,957.40 | $46,736.30 | $8,221.10 | $0.00 |

## Exhibit "B"
## Amortization Schedule Acct. 8363

**Installment Quote Amortization Schedule Acct 8363 Claim #10**

| Interest Rate: | 5.50% | | Term (months): | 64 |
|---|---|---|---|---|
| **Payment Date** | **Payment Amount** | **Principal** | **Interest** | **Balance** |
| 5/15/2018 | $0.00 | $0.00 | $0.00 | $64,137.13 |
| 3/1/2019 | $7,541.91 | $4,739.21 | $2,802.70 | $59,397.92 |
| 9/1/2019 | $7,541.91 | $5,895.04 | $1,646.87 | $53,502.88 |
| 3/1/2020 | $7,541.91 | $6,074.61 | $1,467.30 | $47,428.27 |
| 9/1/2020 | $7,541.91 | $6,226.91 | $1,315.00 | $41,201.36 |
| 3/1/2021 | $7,541.91 | $6,418.19 | $1,123.72 | $34,783.17 |
| 9/1/2021 | $7,541.91 | $6,577.51 | $964.40 | $28,205.66 |
| 3/1/2022 | $7,541.91 | $6,772.63 | $769.28 | $21,433.03 |
| 9/1/2022 | $7,541.91 | $6,947.66 | $594.25 | $14,485.37 |
| 3/1/2023 | $7,541.91 | $7,146.84 | $395.07 | $7,338.53 |
| 9/1/2023 | $7,541.91 | $7,338.53 | $203.38 | $0.00 |
| Total | $75,419.10 | $64,137.13 | $11,281.97 | $0.00 |

## Exhibit "C"
## Amortization Schedule Acct. 6624

**Installment Quote Amortization Schedule Acct 6624 Claim #9**

| Interest Rate: | 5.50% | | Term (months): | 64 |
|---|---|---|---|---|
| **Payment Date** | **Payment Amount** | **Principal** | **Interest** | **Balance** |
| 5/15/2018 | $0.00 | $0.00 | $0.00 | $34,793.37 |
| 3/1/2019 | $4,091.37 | $2,570.95 | $1,520.42 | $32,222.42 |
| 9/1/2019 | $4,091.37 | $3,197.97 | $893.40 | $29,024.45 |
| 3/1/2020 | $4,091.37 | $3,295.38 | $795.99 | $25,729.07 |
| 9/1/2020 | $4,091.37 | $3,378.01 | $713.36 | $22,351.06 |
| 3/1/2021 | $4,091.37 | $3,481.77 | $609.60 | $18,869.29 |
| 9/1/2021 | $4,091.37 | $3,568.20 | $523.17 | $15,301.09 |
| 3/1/2022 | $4,091.37 | $3,674.05 | $417.32 | $11,627.04 |
| 9/1/2022 | $4,091.37 | $3,769.00 | $322.37 | $7,858.04 |
| 3/1/2023 | $4,091.37 | $3,877.05 | $214.32 | $3,980.99 |
| 9/1/2023 | $4,091.37 | $3,980.99 | $110.38 | $0.00 |
| Total | $40,913.70 | $34,793.37 | $6,120.33 | $0.00 |

## Exhibit "D"
## Amortization Schedule Acct. 0735

**Installment Quote Amortization Schedule Acct 0735 Claim #8**

| Interest Rate: | 5.50% | | Term (months): | 64 |
|---|---|---|---|---|
| **Payment Date** | **Payment Amount** | **Principal** | **Interest** | **Balance** |
| 5/15/2018 | $0.00 | $0.00 | $0.00 | $68,371.81 |
| 3/1/2019 | $8,039.87 | $5,052.12 | $2,987.75 | $63,319.69 |
| 9/1/2019 | $8,039.87 | $6,284.27 | $1,755.60 | $57,035.42 |
| 3/1/2020 | $8,039.87 | $6,475.69 | $1,564.18 | $50,559.73 |
| 9/1/2020 | $8,039.87 | $6,638.05 | $1,401.82 | $43,921.68 |
| 3/1/2021 | $8,039.87 | $6,841.95 | $1,197.92 | $37,079.73 |
| 9/1/2021 | $8,039.87 | $7,011.80 | $1,028.07 | $30,067.93 |
| 3/1/2022 | $8,039.87 | $7,219.80 | $820.07 | $22,848.13 |
| 9/1/2022 | $8,039.87 | $7,406.38 | $633.49 | $15,441.75 |
| 3/1/2023 | $8,039.87 | $7,618.71 | $421.16 | $7,823.04 |
| 9/1/2023 | $8,039.87 | $7,823.04 | $216.83 | $0.00 |
| Total | $80,398.70 | $68,371.81 | $12,026.89 | $0.00 |